```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


FREDERIC W. BERTHOFF,         )
     Petitioner,              )
                              )
     v.                       )    Civil Action No. 04-10170-WGY
                              )
UNITED STATES OF AMERICA,     )
     Respondent.              )
```

Motion to Dismiss Berthoff's
<u>Successive Section 2255 Motion</u>

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves to dismiss Frederic W. Berthoff's successive Section 2255 motion.[1]

Berthoff's habeas motion should be dismissed because he has failed to obtain permission from the First Circuit Court of Appeals to file a successive habeas corpus motion. In addition, Berthoff's motion is barred procedurally by the doctrine of finality and the one year time limitation of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

---

[1] Berthoff's current habeas motion seeks to reargue the issue of where within the applicable sentencing guideline range the Court should have sentenced Berthoff almost ten years ago. The Court's reasons for sentencing Berthoff to 252 months in prison, which was within the 210 to 262 months guidelines range, were clear and on the record. As a result, Berthoff's belated challenge is meritless. See <u>United States v. Mansur-Ramos</u>, 348 F.3d 29 (1st Cir. 2003)("[W]hen a district court imposes a sentence within the guideline range, the court of appeals ordinarily lacks authority to scrutinize the rationale for that sentence.") If, however, the Court denies the government's motion to dismiss, the government requests an opportunity to file a memorandum in opposition to Berthoff's substantive claim.

Factual and Procedural Background

**1.  The Offenses of Conviction and Sentence.**

Following a jury trial, Berthoff was convicted of conspiring to possess marihuana and hashish with intent to distribute, (Count 1), possessing hashish with intent to distribute, (Count 2), willfully subscribing to a false income tax return (Count 3), money laundering, (Counts 7-14), and witness tampering (Count 16).[2]  On June 14, 1994, this Court sentenced Berthoff to 21 years (252 months) in prison.

**2.  The Direct Appeal.**

Berthoff appealed.  He argued that: 1) the evidence did not establish the existence of the single drug conspiracy charged in the indictment; 2) the court's inadvertent reference to "marihuana and hashish" in connection with the Count Two hashish charge constituted plain error; 3) the plea agreements of three government witnesses contained improper incentives; 4) the court did not have venue over the money laundering offense charged in Count Seven; and 5) the evidence was insufficient to support Berthoff's money laundering convictions on Counts Eight through

---

[2]  This Court presided over the trial and is very familiar with the facts of the Berthoff case.  See Berthoff v. United States, 140 F.Supp.2d 50, 52-53 (D.Mass. 2001).  See also United States v. Berthoff, 70 F.3d 1253 (1st Cir. 1995)(Berthoff I). The government will not repeat those facts here.

Fourteen.  On November 29, 1995, the Court of Appeals rejected these arguments, and affirmed Berthoff's convictions.  <u>Berthoff I</u>, 70 F.3d 1253.

**3.    <u>Berthoff's First Section 2255 Motion</u>**.

On April 23, 1997,[3] Berthoff filed his first motion pursuant to 28 U.S.C. § 2255 seeking to be resentenced.  In his motion, Berthoff claimed that he received ineffective assistance of counsel because, among other things, his attorney failed to inform him about the acceptance-of-responsibility section of the sentencing guidelines during pretrial plea negotiations.

On December 9, 1998, this Court denied Berthoff's motion finding that Berthoff understood that "things would most assuredly go easier with him were he to plead guilty," and that, in essence, he would not have pleaded guilty to the charges.  Although it denied the Section 2255 motion, the Court <u>sua</u> <u>sponte</u> issued a certificate of appealability related to the First Circuit's decision in <u>United States v. Rodriguez</u>, 162 F.3d 135 (1st Cir. 1998), which had just been decided.

---

[3] The Anti-Terrorism and Effective Death Penalty ("AEDPA") was enacted on April 24, 1996, and provides for a one-year limitations period for the filing of Section 2255 motions. Berthoff's first habeas motion was filed within the AEDPA's one-year grace period recognized by the First Circuit and other courts.  <u>Rogers v. United States</u>, 180 F.3d 349, 354 (1st Cir. 1999).

**4.   The Appeal of this Court's Denial
of Berthoff's First Section 2255 Motion**.

After the parties briefed and argued the ineffective-assistance-of-counsel issue on appeal, the First Circuit remanded the matter to this Court for clarification.  Berthoff v. United States, 201 F.3d 426 (1st Cir. 1999) (Berthoff II).

On April 9, 2001, this Court issued a Report in response to Court of Appeals' remand order.  Berthoff v. United States, 140 F.Supp.2d 50 (D. Mass. 2001).  In brief, this Court found that Berthoff would not have pleaded guilty even if he had known of the acceptance-of-responsibility adjustment, and it denied a COA on the ineffective-assistance-of-counsel issue.  The Court granted a COA on the Rodriguez issue.  It also denied Berthoff's request to amend his Section 2255 motion to include a claim based on Apprendi v. New Jersey, 530 U.S. 466 (2000), but granted a COA on that issue as well.

On October 21, 2002, the Court of Appeals affirmed the denial of Berthoff's first Section 2255 habeas motion.  Berthoff v. United States, 308 F.3d 124 (1st Cir. 2002)(Berthoff III).

On January 15, 2004, Berthoff filed this second Section 2255 motion, challenging the Court's decision in June, 1994, as to where to sentence him within the applicable the sentencing guideline range.

<u>Argument</u>

**1. Berthoff's Current Habeas Motion Must be Dismissed for Lack of Jurisdiction Pursuant to the Successive Motion Provision of 28 U.S.C. § 2255.**

Berthoff's current habeas motion is the second Section 2255 motion he has filed.[4] The gatekeeping paragraphs of Section 2255 require that Berthoff first obtain from the Court of Appeals permission to file a successive motion. The First Circuit has explained that the AEDPA's

> prior approval provision allocates subject-matter jurisdiction to the Court of Appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the Court of Appeals has decreed that it may go forward. . . . This statutory directive means that a district court, faced with an unapproved second or successive habeas petition, must either dismiss it . . . or transfer it to the appropriate Court of Appeals.

<u>Pratt v. United States</u>, 129 F.3d 54, 57 (1st Cir. 1997).[5]

Since Berthoff has not obtained the required appellate certification, his motion either must be dismissed or transferred to the Court of Appeals.

---

[4] Berthoff's first 2255 motion was denied by this Court in a decision that was affirmed by the Court of Appeals' in <u>Berthoff III</u>.

[5] <u>See</u> <u>Munoz v. United States</u>, 331 F.3d 151 (1st Cir. 2003) (Applying Section 2255 gatekeeping requirements to Rule 60(b) motion).

5

Berthoff recognizes his gatekeeping problem and argues that: (1) his current habeas motion really is not his second habeas motion, and (2) he is proceeding alternately under Fed. R. Civ. P. 60(b), which is not subject to the AEDPA.  Neither argument has merit.

    a.    Berthoff's Current Habeas Motion
           Really is his Second Habeas Motion.

Berthoff appears to argue that this habeas motion is not a successive habeas motion within the meaning of the AEDPA because his petition falls within two of the four exceptions to the successive habeas rule announced by the First Circuit in Sustache-Rivera v. United States, 221 F.3d 8, 12 (1st Cir. 2000):

> ". . . where the later petition raises the same grounds as a previous petition that has been dismissed as premature," and ". . . where the earlier petition terminated without a judgment on the merits."

Berthoff Memorandum of Law, p. 24.  (Citations omitted).

This argument must fail on its face because Berthoff's first habeas motion was not dismissed as premature and it terminated with a clear judgment on the merits.  As a result, Berthoff's current motion does not come within the Sustache-Rivera exceptions and it is a successive petition with the meaning of the AEDPA.

    b.    **Fed. R. Civ. P. 60(b) Cannot be Invoked to Challenge Berthoff's Sentencing in a Criminal Case.**

By its plain terms, Fed. R. Civ. P. 60(b) ("Rule 60(b)") is a civil rule of procedure only applicable to civil cases. As a result, it has no relevance to Berthoff's challenge to his criminal sentencing.

All of the Rule 60(b) cases cited by Berthoff are civil and have nothing to do with using Rule 60(b) to challenge a criminal conviction and sentence. See Berthoff Memorandum of Law, pp. 21-23. The three habeas cases he cites, Abdur'rahman v. Bell, 537 U.S. 88 (2003); Munoz v. United States, 331 F.3d 151 (1st. Cir. 2003); and Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003), all involve the use of Rule 60(b) in the context of underlying civil habeas corpus cases. Berthoff has failed to cite one case in which Rule 60(b) has been used in the way he wishes to use it here, to attack directly a ten year old criminal sentence.

**2.    Berthoff's Motion is Procedurally Barred by the Doctrine of Finality and by the One Year Time Limitation of the AEDPA.**

    a.    Berthoff has Failed to Demonstrate Cause and Prejudice for his Failure to Raise his Sentencing Arguments Earlier.

"[C]ollateral review is an extraordinary remedy whose role is secondary and limited." Brecht v. Abrahamson, 507 U.S. 619, 620 (1993). One reason for so sharply limiting that review is society's strong interest in the finality of convictions. Teague

v. Lane, 489 U.S. 288, 309 (1989)("Without finality, the criminal law is deprived of much of its deterrent effect"); United States v. Addonizio, 442 U.S. 178, 184, n. 11 (1979)("Inroads on the concept of finality tend to undermine confidence in the integrity of our procedures."). Given this strong interest in finality, a defendant's failure to raise a claim in a timely manner at trial, or on appeal, constitutes a procedural default that bars collateral review unless he can demonstrate either cause for failing to raise the claim earlier and prejudice,[6] or that he is actually innocent.[7] Bousley, 523 U.S. at 622; United States v. Frady, 456 U.S. 152, 167-168 (1982).

---

[6] To show "cause" for failing to raise a claim on direct appeal, a Section 2255 petitioner must identify "some external impediment preventing counsel from constructing or raising the claim" at that time. Murray v. Carrier, 477 U.S. 478, 492 (1986). For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause under this standard." Id. at 488. See Reed v. Ross, 468 U.S. 1, 16 (1984) (a constitutional claim may be "so novel that its legal basis is not reasonably available to counsel"). Contrary circuit precedent is not sufficient to constitute "cause." *See* Bousley v. United States, 523 U.S. 614, 621 (1998).

[7] "Actual innocence" means factual innocence. Bousley, 523 U.S. at 623. Although it is an unsettled question, in the government's view, the "actual innocence" exception to the procedural default rule should not apply in the context of noncapital sentencing. *Compare, e.g.*, United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001) (the actual innocence exception does not apply to noncapital sentences) and United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993), *with* United States v. Maybeck, 23 F.3d 888, 893 (4th Cir. 1994).

8

Berthoff did not raise the sentencing claims in his current Section 2255 motion at his sentencing or on direct appeal from his convictions.  Nor did he raise his current arguments when he filed his first Section 2255 motion or during the appeal of the denial of that motion.[8]  In fact, Berthoff concedes that they "have neither been specifically presented to, or litigated before this Court on any prior occasion."  Berthoff Memorandum of Law, p. 2.

Requiring a defendant to raise an issue in the context of his criminal case "channel[s], to the extent possible, the resolution of various types of questions to the stage of the judicial process at which they can be resolved most fairly and efficiently." Reed v. Ross, 468 U.S. 1, 10 (1984).  Had Berthoff wanted to claim that his guideline sentence was unfair, he should have raised that claim at his sentencing and then on direct appeal.  At the least, he should have raised it in his first Section 2255 motion.  He did not.  The bottom line is that Berthoff never raised this issue and he has not shown a

---

[8] Normally, one would not expect Berthoff to have raised the current sentencing issue during an appeal of the unrelated issue raised in his first Section 2255 appeal.  Yet, Berthoff belatedly sought to inject the Apprendi issue into his first Section 2255 motion and even obtained a certificate of appealability from this Court on the issue.  Berthoff made no such attempt to inject his current issues into his first habeas motion.

sufficient excuse for this failure.[9]  What Berthoff is really trying to do is raise a new sentencing argument almost ten years after the fact.  His belated claim cannot survive the institutionally important <u>Frady</u> requirements.

    b.   <u>Berthoff's New Claim is Barred by the AEDPA's Statute of Limitations.</u>

Indeed, aside from <u>Frady</u>'s requirements, Berthoff's claim is barred by the one-year limitations period set out in the AEDPA, which provides a one-year period of limitation that runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by improper governmental conduct is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court; and (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The AEDPA was enacted on April 24, 1996, and provided for a one-year grace period.  <u>See</u> <u>Rogers v. United States</u>, 180 F.3d 349, 354 (1st Cir. 1999).[10]  As a result, Berthoff's first Section

---

[9] Nor could he show prejudice since his sentence was within the sentencing guideline range and was explained by the Court. Nor is Berthoff actually innocent of the charges.  <u>See</u> footnote 7, <u>above</u>.

[10] Absent the grace period, under the strict terms of the AEDPA, Berthoff's first habeas motion would have had to have been

10

2255 motion was filed timely.  His present habeas motion, however, was filed over six years after the grace period ended and therefore is time-barred under the limitations period.

Berthoff tries to get around the statute of limitations period by arguing that his latest habeas motion was filed within 190[11] days of the First Circuit's opinion affirming the denial of his first Section 2255 motion.  Berthoff misses the mark here because the judgment that his new Section 2255 motion challenges is not the denial of his first habeas in 1998 or its affirmance by the First Circuit in 2002.  Rather, the current habeas challenges his sentence rendered in 1994 and affirmed in 1995.  Since it was filed over six years late, it is barred by the AEDPA's statute of limitations.

---

filed on or about February 28, 1997, one year after his time to file for a writ of certiorari in the Supreme Court expired.  See Clay v. United States, 537 U.S. 522, 525 (2003).

[11] Ninety days is added to the one year statute of limitations to account for the time within which Berthoff could have sought a writ of certiorari.  See Clay supra.

11

Conclusion

For the foregoing reasons, the government respectfully requests that the Court dismiss Berthoff's habeas motion for lack of jurisdiction.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By: /s/ Kevin O'Regan
     Kevin O'Regan
     Assistant U.S. Attorney

Dated: April 7, 2004

CERTIFICATE OF SERVICE

April 7, 2004

I hereby certify that I have served a copy of the foregoing by mail on Martin D. Boudreau, 487 Adams Street, Milton, MA, 02186.

          /s/ Kevin O'Regan
          Kevin O'Regan
          Assistant U.S. Attorney