UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
FREDERIC W. BERTHOFF,         )
                              )
          Petitioner,         )
                              )
          v.                  )   CIVIL ACTION
                              )   NO. 04-10170-WGY
UNITED STATES,                )
                              )
          Respondent.         )
                              )
```

MEMORANDUM AND ORDER

YOUNG, C.J.                                          June 22, 2004

**I.   INTRODUCTION**

The petitioner, Frederic W. Berthoff ("Berthoff"), seeks correction of his sentence under Federal Rule of Civil Procedure 60(b), and 28 U.S.C. §§ 2241 and 2255.  Pet. [Doc. No. 1]. Berthoff sought similar relief in a previous petition, which this Court denied on December 19, 1998.  See Order of 12/15/98 [Doc. No. 13 in Civ. A. No. 97-10883-WGY]; see also Berthoff v. United States, 201 F.3d 426 (1st Cir. 1999) (unpublished table decision) (vacating the certificate of appealability and remanding for clarification), on remand, 140 F. Supp. 2d 50 (D. Mass. 2001), aff'd, 308 F.3d 124 (1st Cir. 2002).  The United States moves to

dismiss Berthoff's present application as an uncertified second motion. Gov't's Mot. to Dismiss [Doc. No. 12].

## II. DISCUSSION

In <u>Munoz</u> v. <u>United States</u>, 331 F.3d 151 (1st Cir. 2003), the First Circuit established:

> [A] motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if -- and only if -- the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b)."

<u>Munoz</u>, 331 F.3d at 152-53 (applying the reasoning of <u>Rodwell</u> v. <u>Pepe</u>, 324 F.3d 66 (1st Cir. 2003), "in the section 2255 milieu") (internal citation omitted). As in <u>Munoz</u>, this holding "effectively ends this matter." <u>Id.</u> at 153.

Berthoff's claim under Rule 60(b) "seeks redress from the adequacy of this Court's sentencing reasons," clearly challenging his underlying sentence rather than the previous habeas judgment. <u>See</u> Pet. at 23. Under <u>Munoz</u>, Berthoff's claim "must, therefore, be treated as a second or successive habeas petition." <u>Munoz</u>, 331 F.3d at 153; <u>see also</u> <u>Brackett</u> v. <u>United States</u>, 206 F. Supp. 2d 183, 187 (D. Mass. 2002). Berthoff argues that <u>Munoz</u> ought not apply because his claim is "distinct from the constitutional dimensions of a §2255 request." <u>See</u> Pet. at 23. This Court is

not persuaded.  Although nonconstitutional claims asserted under Section 2255 may be subject to "distinct" scrutiny, see Knight v. United States, 37 F.3d 769, 772-73 (1st Cir. 1994), this scrutiny does not change the "essence" of the claims, see Rodwell, 324 F.3d at 71.  The fact remains that Berthoff's claim asserts no "irregularity or procedural defect in the procurement of the judgment denying habeas relief."  See id. at 70 (1st Cir. 2003) (characterizing the assertion of such irregularity as "the classic function of a Rule 60(b) motion").  Rather, Berthoff's Rule 60(b) claim -- notwithstanding its focus on the legality rather than the constitutionality of his sentence -- is the "functional and practical equivalent of an application for habeas relief."  Id. at 71.

When Berthoff's petition is properly viewed -- that is, when it is viewed in its entirety as a second application -- it must fail.  Contrary to Berthoff's assertions, see Pet. at 24, he cannot plausibly claim an exception to the bar on second or successive applications.  Rather, Berthoff presents "the common situation in which a petitioner who has failed to raise an available claim in his first petition attempts to raise that claim in a later petition.  That situation clearly falls within the 'second or successive' rule, even though the claim has never been adjudicated on the merits."  United States v. Barrett, 178 F.3d 34, 47 (1st Cir. 1999).  Finally, although Berthoff cites 28

U.S.C. § 2241 as an additional source of relief, Pet. at 2, he cannot demonstrate that the remedy provided by Section 2255 is "inadequate or ineffective" where he "had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so."  Id. at 53.

### III. CONCLUSION

Because Berthoff has not obtained leave to file this second motion, the Court TRANSFERS his petition to the United States Court of Appeals for the First Circuit.  See Pratt v. United States, 129 F.3d 54, 57 & n.3 (1st Cir. 1997) (citing 28 U.S.C. § 1631).


SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
CHIEF JUDGE