**MANDATE**

# United States Court of Appeals
## For the First Circuit

No. 04-1860

04-10170
Honorable William Young

FREDERIC W. BERTHOFF,

Petitioner,

v.

UNITED STATES,

Respondent.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 10/7/2004

Before

Boudin, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

JUDGMENT

Entered: September 16, 2004

The petitioner seeks leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2255. His first ground for relief does not rely on a new rule of law or newly discovered evidence (and therefore cannot be raised in a second or successive petition). His second ground relies on the recent United States Supreme Court decision in <u>Blakely</u> v. <u>Washington</u>, 124 S.Ct. 2531 (2004), which he characterizes as a "new rule of law."

Under the relevant gatekeeping provision, a new rule of law can form the basis for a second or successive habeas petition only if that rule is "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255, para. 8(2). To date, the Supreme Court has not decided whether <u>Blakely</u> is even applicable to the federal sentencing guidelines, 124 S.Ct. at 2538 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."), under which petitioner was sentenced, much less declared its ruling in <u>Blakely</u> to be retroactive to cases on collateral review. Therefore, petitioner may not rely on <u>Blakely</u> as a ground

for filing a second or successive petition to vacate his federal sentence. See Simpson v. United States, 376 F.3d 679 (7th Cir. 2004); In re Dean, 375 F.3d 1287 (11th Cir. 2004) (denying leave to file second or successive habeas motion based on Blakely); see generally Tyler v. Cain, 533 U.S. 656, 663 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"); Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir. 2001).

"If the Supreme Court eventually makes the [Blakely] rule retroactive, [petitioner] may at that time attempt a claim by second or successive § 2255 petition." Sustache-Rivera, 221 F.3d at 16-17 (footnote omitted). Until that time, however, the instant application "must be considered premature." Id. at 15 n.12.

The application is denied without prejudice. The motion to remand and for leave to file a supplemental memorandum addressing issues raised under Blakely v. Washington is denied as moot.

By the Court:

RICHARD CUSHING DONOVAN

Richard Cushing Donovan, Clerk.

cc:   Martin D. Boudreau, Esq.
      Kevin O'Regan, AUSA
      Dina Michael Chaitowitz, AUSA